

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-09-00156-CR

DEAN EDWARD PATTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dean Edward Patton waived his right to a jury and pled guilty to one count of aggravated sexual assault of a child. The trial court sentenced him to thirty years' confinement. Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's

---

[1]*See* Tex. R. App. P. 47.4.

brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3]  The State filed a response to the *Anders* brief, contending that the appeal should be dismissed, and Appellant also filed a pro se response to the *Anders* brief, alleging ineffective assistance of his trial counsel.  We note that there is no reporter's record of the guilty plea hearing and that no motion for new trial appears in the clerk's record.[4]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant counsel's motion to withdraw.[6]

Contrary to the State's contention, its choice not to proceed on five other counts of aggravated sexual assault of a child is not evidence that Appellant's

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of ineffective assistance of counsel are normally best left for habeas corpus proceedings.).

[5]*See Stafford*, 813 S.W.2d at 511.

[6]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

guilty plea was made as part of a bargain. There is no evidence of an agreement in the record. The written plea admonishments and judgment both provide that there was no bargain and that Appellant entered an "open plea of guilty to the court with a PSI." Neither the admonishments nor the judgment mentions that the State decided not to proceed on the remaining five counts. At sentencing, the trial court stated, "Now, this was an open plea, which basically means that there was no plea bargain on this case." We therefore hold that this is an "open plea" case and reject the State's request that we dismiss the appeal based on Appellant's waiver of appeal.[7]

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[8]

We have carefully reviewed counsel's brief, Appellant's response, the State's brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that

---

[7]*See Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006) (holding waiver of appeal absent a bargain or recommended sentence is not valid for punishment phase because not made knowingly or voluntarily).

[8]*See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

arguably might support this appeal.[9]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 10, 2011

---

[9]*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).